Joyce JOHNSON, Plaintiff–Appellant,

v.

R. James NICHOLSON, Secretary of
Veterans Affairs, Defendant–
Appellee.

Joyce Johnson, Plaintiff–Appellant,

v.

Department of Veterans Affairs, R.
James Nicholson, Defendants–
Appellees.

Nos. 06–3444–cv; 07–3311–cv.

United States Court of Appeals,
Second Circuit.

Oct. 19, 2009.

Michael Resko, New York, NY, for Appellant.

Varuni Nelson, Assistant United States Attorney, Eastern District of New York (Benton J. Campbell, United States Attorney; Michael J. Goldberger, Assistant United States Attorney, of counsel), Brooklyn, NY, for Appellee R. James Nicholson.

Catherine M. Mirabile, Assistant United States Attorney, Eastern District of New York (Benton J. Campbell, United States Attorney; Varuni Nelson, Assistant United States Attorney, of counsel), Brooklyn, NY, for Appellee Department of Veterans Affairs.

PRESENT: ROBERT D. SACK, B.D. PARKER, Circuit Judges, TIMOTHY C. STANCEU, Judge.*

## SUMMARY ORDER

The first of these tandem appeals, No. 06–3444–cv, is from a judgment on a jury verdict. The jury concluded, in an action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, that the plaintiff Joyce Johnson had not been subjected to a hostile work environment or to unlawful retaliation. That litigation was

* The Honorable Timothy C. Stanceu, of the United States Court of International Trade,

begun by Johnson's filing of a complaint in the district court in 1999. The second appeal, No. 07–3311–cv, is from a judgment against Johnson on her claim that in 2000 she was retaliated against for filing the 1999 lawsuit. We assume the parties' familiarity with the underlying facts and the procedural history of these cases, and the issues on appeal.

■ With respect to the appeal in No. 06–3444–cv, Johnson argues, first, that it was an abuse of discretion for the district court to discharge one of the jurors during the trial. "During trial or deliberation, the court may excuse a juror for good cause." Fed.R.Civ.P. 47(c). "We review a district court's rulings regarding dismissal of jurors for abuse of discretion, and reverse only if there is clear abuse of the district court's discretion." *Cruz v. Jordan,* 357 F.3d 269, 270 (2d Cir.2004) (internal quotation marks omitted).

Beginning on the third day of the trial, May 17, 2006, the defense raised some concerns regarding juror number 7, whom the defense thought, judging by the juror's body language, was "not approaching this case with an open mind." Trial Tr. at 282. In response to this and related complaints about the juror by defense counsel, Magistrate Judge Azrack and her law clerk monitored the juror's behavior. They observed the juror to be inattentive and to seem at times to be asleep. Based on these observations, on May 19, 2006, the court dismissed juror number 7. "[A] court has considerable discretion in deciding how to handle a sleeping juror"; "[i]f sleep by a juror makes it impossible for that juror to perform his or her duties or would otherwise deny the defendant a fair trial, the sleeping juror should be removed from the jury." *United States v. Freitag,* 230 F.3d 1019, 1023 (7th Cir.2000); *see also United*

sitting by designation.

*States v. Diaz,* 176 F.3d 52, 78 (2d Cir. 1999) (expressing approval of a district court judge who "from the moment the sleeping juror allegation was raised, investigated the matter and carefully observed the juror in question throughout the trial"). We conclude that the district court did not abuse its discretion in dismissing juror number 7.

■ Johnson argues second that, in addition to the two counts based on theories of hostile work environment and retaliation on which the court instructed the jury, the court should have instructed the jury to consider a count of intentional racial discrimination, and that the failure to do so constituted a dismissal of the intentional discrimination claim under Federal Rule of Civil Procedure 12(b)(6). The court noted in deciding not to instruct the jury on an intentional discrimination claim that "in almost every one of the paragraphs [in the complaint] it is all couched ... as a hostile work environment." Trial Tr. at 1016. The court thus apparently read the complaint as not alleging a claim of intentional discrimination, and therefore refused to instruct the jury on it.

"We will reverse the judgment of a trial court because of an error in the jury instructions only if, based on a review of the record as a whole, we are persuaded that the error was prejudicial." *Phelan v. Local 305 of the United Ass'n of Journeymen, & Apprentices of Plumbing & Pipefitting Indus.,* 973 F.2d 1050, 1062 (2d Cir.1992) (internal quotation marks and alterations omitted). It is not clear to us that the district court was correct to confine its inquiry entirely to the language of the complaint. *See Cruz v. Coach Stores, Inc.,* 202 F.3d 560, 568–69 (2d Cir.2000). For the following reasons, however, we conclude that any such error was nonprejudicial inasmuch as Johnson has not made out a *prima facie* case of intentional discrimination.

In order to establish a *prima facie* case of intentional discrimination under Title VII, the plaintiff must show, *inter alia,* that "she suffered an adverse employment action[ ] and ... the circumstances give rise to an inference of discrimination." *Weinstock v. Columbia Univ.,* 224 F.3d 33, 42 (2d Cir.2000). Johnson points to no evidence indicating that the actions of which she complains were motivated by discrimination. We therefore conclude that any error the court may have made in failing to instruct the jury as to intentional discrimination was harmless.

■ Addressing the second tandem appeal, "[w]e review a grant of summary judgment *de novo,*" granting relief only when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Graham v. Long Island R.R.,* 230 F.3d 34, 38 (2d Cir.2000). The district court concluded that Johnson had made out a *prima facie* case of retaliation for her bringing the 1999 lawsuit, but that she had failed to demonstrate that the defendants' proffered legitimate non-discriminatory rationale was pretextual. We agree with the district court that Johnson failed to establish that the defendants' proffered rationale for their actions was a pretext for discrimination.

It is undisputed that an eight-member panel, representing a cross-section of employees from the New York Harbor Healthcare System, engaged in a lengthy evaluation process to rank the candidates for the three available Care Line Manager positions for which Johnson had applied. In the resulting cumulative ranking, Johnson was ranked seventh out of eleven candidates. The first-, third-, and fourth-ranked individuals were ultimately selected by the final decision-maker, Elvira Miller. The defendants therefore assert that the failure to select Johnson was a result

of a thorough and non-discriminatory selection process in which several candidates were found to be better suited to the position than Johnson. Johnson attempts to refute this rationale by asserting that Miller was heard to say that one of the nurses selected, Rose Brown, was not the most qualified, but was selected for her "potential." Even if Brown was selected for her potential, that does not help establish that Johnson was better qualified than Brown or that the selection of Brown over Johnson was discriminatory. We therefore affirm the district court's grant of summary judgment as to this lawsuit.

We have considered Johnson's other arguments and find them to be without merit.

For the foregoing reasons, the judgments of the District Court are hereby AFFIRMED.